***********
Upon review of the competent evidence of record, with reference to the errors assigned, and considering the written arguments of the parties, the Full Commission finds no good grounds to receive further evidence, or to rehear the parties or their representatives. Upon reconsideration of the evidence, the Full Commission affirms with modifications the Order of the Deputy Commissioner, and enters the following Order.
 ***********
On February 12, 2009, Plaintiff was working for Defendant-Employer operating a carcus truck when it struck a pole, thereby injuring her right shoulder and neck. On February 22, 2010, the parties entered into a Consent Order executed by Deputy Commissioner Victoria M. Homick ordering, inter alia, Defendants to pay Plaintiff temporary total disability compensation from February 12, 2009 to the present and continuing; medical compensation related to the February 12, 2009 *Page 2 
work injury incurred to date; and providing that "Defendants shall assume management of Plaintiff's medical treatment for her right shoulder and neck injuries pursuant to N.C. Gen. Stat. § 97-25. Defendants are in the process of arranging such treatment." On or about March 1, 2010, Defendants admitted the compensability of Plaintiff's February 12, 2009 injury by accident to her right shoulder and neck via a Form 60.
Pursuant to the February 22, 2010 Consent Order, Defendants arranged for Dr. Christopher John Barnes, an orthopaedist, to provide treatment to Plaintiff, and Plaintiff began seeing him. Prior to Defendants' acceptance of Plaintiff's February 12, 2009 work injury, she began seeing Dr. Aaron Harvey Gootman, an anesthesiologist, for pain management. Dr. Barnes noted that Plaintiff was taking narcotic pain medication under the direction of Dr. Gootman, and recommended that she should continue these medications under Dr. Gootman's care rather than his.
On July 1, 2010, Plaintiff moved for an Order authorizing pain management treatment with Dr. Gootman and payment of prescription medication expenses related to his treatment of her. On July 23, 2010, a Special Deputy Commissioner in the Executive Secretary's Office allowed Plaintiff's request that Defendants authorize and pay for medications prescribed by Dr. Gootman up to the date that Defendants provide for another pain management physician to assume treatment of Plaintiff, but denied Plaintiff's request for continued treatment with Dr. Gootman. Plaintiff timely appealed to the Deputy Commissioner section.
Although Dr. Barnes recommended that Plaintiff continue pain management treatment with Dr. Gootman and Defendants agreed to direct and authorize reasonably related medical treatment in the February 22, 2010 Consent Order, Defendants have yet to either authorize continued treatment with Dr. Gootman or designate another pain management specialist to *Page 3 
provide treatment to Plaintiff. At the telephonic hearing before the Deputy Commissioner, Defendants expressed their intent to schedule an appointment with a pain management specialist in Garner, North Carolina, which is a 142 mile round trip for Plaintiff, whereas Dr. Gootman's office is eight miles from Plaintiff's home.
Defendants' argument that the Consent Order gives Defendants the exclusive right to direct Plaintiff's medical treatment is unpersuasive. The February 22, 2010 Consent Order does not divest the Industrial Commission of its authority under N.C. Gen. Stat. § 97-25 to "order such further treatments as may in the discretion of the Commission be necessary," or to order a change in treatment, designate other treatment suggested by the injured employee, or approve a physician of Plaintiff's own choosing. N.C. Gen. Stat. § 97-25 (2009).
The Full Commission concludes that the continued pain management treatment recommended by Dr. Barnes is reasonably required to effect a cure, provide relief and/or lessen Plaintiff's disability from her February 12, 2009 work injury. Plaintiff requested approval of the treatment within a reasonable time.
In the discretion of the Full Commission, it is therefore ORDERED that the continued pain management treatment as recommended by Dr. Barnes is approved and Dr. Gootman is designated as the physician to provide such treatment. Defendants shall authorize the treatment within 10 days from the filing of this Order. Defendants shall pay the costs of these proceedings.
This the ___ day of October 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_________________ DANNY LEE McDONALD COMMISSIONER
 S/________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1